UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL L. WAGNER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:23-cv-01626 (UNA) |
| UNITED STATES GOVERNMENT, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss the complaint.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Here, plaintiff has filed a vague and rambling complaint against the United States, consisting of a hodgepodge of unconnected conjectural allegations, in contravention of Federal Rule 10(b). Moreover, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and

personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls within this category. It cursorily jumps from topic to topic. Plaintiff seeks equitable relief to include, it appears, "numerous Grand Jury investigations" into alleged: (1) unlawful "marijuana arrests," (2) "areal Glyphosate spraying (Project Columbia)," (3) a widespread money-laundering scheme orchestrated by DEA agents, and (4) the murder of a Georgia state senator. He also broadly demands that the court somehow implement a "a Public-Marijuana-Farm (run by the Gov't)."

Here, plaintiff has failed to establish this court's subject matter jurisdiction and neither the court nor the defendant can reasonably be expected to identify any cognizable intended claims. More, this court has no authority to compel the government to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether to prosecute, and for what offense, rests solely with the government. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). Nor may plaintiff attempt to compel a criminal investigation by any law enforcement

agency by filing a complaint with this court.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).  "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."  *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

For these reasons, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date: 6/9/2023

TREVOR N. McFADDEN
United States District Judge